**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTHUR E. MARION, | ) | CASE NO. 3:11-cv-00911 |
| Plaintiff, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE GREG WHITE |
| COMMISSIONER OF SOCIAL SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | **ORDER** |

On September 12, 2013, Arthur E. Marion ("Plaintiff"), through counsel David E. Friedes ("Friedes"), filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1). (ECF No. 23.) On September 26, 2013, the Commissioner of Social Security ("Commissioner") filed a response (ECF No. 25), to which Plaintiff replied. (ECF No. 26.)

**I. Procedural History**

On December 15, 2011, the Court vacated the Commissioner's prior decision and remanded the matter for further proceedings consistent with the parties' Joint Stipulation to remand. (ECF Nos. 16 & 17.) On January 13, 2012, Plaintiff filed a timely application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 18.) On February 10, 2012, in light of the parties' Stipulation to Award EAJA Fees, the Court awarded Plaintiff $4,000.00. (ECF No. 22.) Upon remand, on September 9, 2013, the Social Security Administration determined that Plaintiff was disabled and was entitled to benefits as of

November 2006.  (ECF No. 24.)

## II.  Law

Pursuant to 42 U.S.C. § 406(b):

(b) Fees for representation before court.

   (1) (A) Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 *et seq.*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

      (B) For purposes of this paragraph--

         (i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 223 [42 USCS § 423], and

         (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1127(a) [42 USCS § 1320a-6(a)].

   (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $ 500, or imprisonment for not more than one year, or both.

"Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 118602 (S.D. Ohio Sept. 20, 2011) (*citing Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)).  "The Court may award fees only for work performed before the Court and not before the Social Security Administration."  *Id.* (*citing Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)).

## III.  Analysis

Friedes represents that he performed 24.1 hours of work before this Court for Plaintiff. (ECF No. 23-2.)  Friedes requests $14,460.00 in attorney fees to be paid from Plaintiff's past due benefits – a rate of $600.00 per hour.  (ECF No. 23 at 1.)  The Commissioner objects, arguing

that such an award would constitute an impermissible windfall for Plaintiff's counsel. (ECF No. 25.) This Court must review whether the requested fee is reasonable. *See, e.g., McCann v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 54304 (S.D. Ohio 2012); *Cabrera v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 105924 (S.D. Ohio Sept. 19, 2011) ("[E]ven in a case where the government has filed no response to the fee petition, [d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination.") (internal quotations omitted).

According to a letter from the Social Security Administration ["SSA"], it must withhold part of past-due benefits, which cannot exceed 25 percent, to pay an appointed representative. (ECF No. 24 at 3.) Based on the SSA's letter, it appears that Plaintiff's past due benefits totaled a rather large sum – $99,912.00. *Id.* As such, the SSA withheld $24,978.00. *Id.* Friedes acknowledges that he has been awarded a fee of $9,625.00 for work performed at the administrative level.[1] (ECF No. 23 at 2.) Friedes requests an additional $14,460.00 in fees for work performed before this Court. The two fee awards combined would constitute approximately 24 percent of Plaintiff's past due benefits. Nonetheless, the Sixth Circuit has held that the 25 percent cap in § 406(b) applies only to work performed before a district court, and is inapplicable to separate awards made by the SSA pursuant to 42 U.S.C. § 406(a).[2] *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee--limited to 25 percent of past-due benefits--for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *accord Campbell v. Astrue*, 2009 U.S. Dist. LEXIS 65264 at *10 (E.D. Ky. July 28, 2009) (rejecting the Commissioner's argument that

---

[1] Friedes does, however, state that this fee was "reduced by 6.3% for administrative withholding of fees." (ECF No. 23 at 2.)

[2] The requested amount – $14,460.00 – constitutes approximately 14.5 percent of Plaintiff's past due benefits.

3

attorney fee awarded under § 406(b) had to be reduced by any fee awarded by the SSA under § 406(a) so that the aggregate fee paid by the claimant did not exceed twenty-five percent of past-due benefits.); *Karadsheh v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 124004 (W.D. Mich. Sept. 26, 2011) ("While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406(b) for work performed before the administrative agency and for work performed in the federal court.")

Thus, while the amount awarded by SSA under § 406(a) is irrelevant in determining the reasonableness of the instant fee request, an award of 25 percent is not *per se* reasonable. *See, e.g., Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use [the 25 percent cap] as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable."); *Honaker v. Astrue*, 2008 U.S. Dist. LEXIS 89769 (N.D. Ohio 2008). Here, Plaintiff executed a contingency fee agreement whereby counsel's recovery is limited to the *lesser* of 25 percent of her past due benefits *or* $5,300.00 *unless* her claim is appealed to federal court.[3] (ECF No. 23-1 at ¶¶3 & 5.) "When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties. However under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to the stated agreement." *Rodriquez*, 865 F.2d at 746. Nonetheless, there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

Certainly, there is no hint of improper conduct herein and counsel was quite effective. As such, unless the amount requested constitutes a windfall, the Court will enforce the contingency agreement. "In the Sixth Circuit, below a floor of double the normal rate, an award

---

[3] In the event no past due benefits were awarded, Plaintiff and Friedes agreed upon a fee rate of $125 per hour. (ECF No. 23-1 at ¶4.)

4

can never be a windfall." *Bailey v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 25091 (N.D. Ohio Feb. 28, 2012) (*citing Hayes*, 923 F.2d at 422 ("We believe that ... a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than ***twice the standard rate for such work in the relevant market***") (emphasis added).

Friedes states that his hourly rate in other areas of practice is $225 per hour, and estimates his hourly rate in social security cases to be $300 per hour. (ECF No. 23 at 8.) However, the normal rate in the relevant market is not set by counsel's own approximation. He has not cited a single case where a § 406(b) award was anywhere near $600 per hour. In fact, other recent decisions from within this district have reduced requested hourly rates that were significantly less than the rate counsel is now requesting. In *May v. Comm'r of Soc. Sec.*, 4:10CV1533, 2013 WL 162293 (N.D. Ohio Jan. 14, 2013), counsel requested an effective hourly rate of $545.44, explaining that her usual hourly rate was $272.72. Judge Adams observed as follows:

> This Court has recently reviewed the issue of a reasonable hourly rate and concluded that upon consideration of all that is known to the Court about this area of law, the geographic region in which it is practiced, and the individuals routinely engaged in its practice, the Court finds that a total reasonable hourly rate is $175, doubled under the windfall analysis to $350 per hour. This latter figure places the relevant market rate directly in line with the median hourly rate that the Court sees employed in a broad spectrum of civil litigation

*Id.*; *see also Brown v. Comm'r of Soc. Sec.*, 4:09-CV-2870, 2012 WL 6682112 (N.D. Ohio Dec. 21, 2012) (M.J. Vecchiarelli) ("The proper measure is whether the fee is less than twice the standard rate for such work in the relevant market. While plaintiff's counsel asserts that a $200 per hour fee is the standard rate in the Cleveland market, she offers no evidence to support that assertion.")

Counsel here has not presented this Court with any evidence suggesting that $300 per hour is the standard rate in this market. Though this case does not involve an EAJA fee petition, the Court believes that several recent decisions involving EAJA applications is an appropriate tool to consult to determine the relevant market rate, especially in the absence of any evidence

from counsel. Recent decisions by this Court have determined that the prevailing rate in the community is between $176.95 to $181.25 per hour. *See, e.g., Gunther v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 64355 (N.D. Ohio Apr. 16, 2013) (determining rate for work performed in late 2012); *Coy v. Astrue*, 2013 U.S. Dist. LEXIS 50328 (N.D. Ohio, Apr. 8, 2013) (determining rate for work performed throughout 2012); *Mohr v. Com'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 18728 (N.D. Ohio 2013); *Mohr v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 18728 (N.D. Ohio, Feb. 12, 2013) (same); *Vasquez v. Astrue*, 2012 U.S. Dist. LEXIS 118588 (N.D. Ohio, Aug. 22, 2012) (determining rate for work performed throughout 2011); *Jaworski v. Astrue*, 2012 U.S. Dist. LEXIS 115541 (N.D. Ohio, Aug. 16, 2012) (same). Because all of the work before this Court was performed in 2011, the relevant rate is $176.95. This is largely also consistent with the above cited *May* and *Brown* decisions that determined $175 per hour was the relevant rate. As double the normal market rate does not constitute a windfall, the Court finds that a § 406(b) fee award at an hourly rate of $353.90 per hour is reasonable. Given that counsel expended 24.1 hours in this matter, an appropriate amount of fees is $8,528.99.

Finally, although attorneys in social security actions may seek an award under both the EAJA and under § 406(b), they are prohibited from collecting both in the same case. *See Tharp v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86804 at *21 (S.D. Ohio, Aug. 5, 2011) (*citing Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)). "In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." *Id*. Freides has represented to the Court that Plaintiff refused to hand over the previously awarded $4,000.00 EAJA award to him pursuant to their fee agreement. (ECF Nos. 23, 26.) While the Court does not question counsel's representation, in the event circumstances have changed and Plaintiff has remitted all or part of the EAJA award, a refund of those remissions would be mandatory.

### IV. Conclusion

The Court hereby GRANTS in part and DENIES in part counsel Friedes's request for attorney fees. The amount requested is not approved, but the Court hereby authorizes payment in the amount of $8,528.99 from Plaintiff's past due benefits.

IT IS SO ORDERED.

s/ Greg White<br>United States Magistrate Judge

Dated: October 17, 2013